FILED

UNITED STATES DISTRICT COURT 2011 JUN 10 AM 11: 21
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CROSS OPTICAL GROUP, INC.,
a Florida corporation,

        Plaintiff,

   vs.

BIMINI BAY OUTFITTERS LTD.,
a New Jersey corporation,

        Defendant.

_____/

Civil Action No.

6:11-CV-971-ORL-31KRS

## COMPLAINT FOR TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION OR REPRESENTATION, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL; AND REQUEST FOR INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Cross Optical Group, Inc., f/k/a Costa Del Mar Sunglasses, Inc., a Florida corporation ("Plaintiff"), and complains against Defendant, Bimini Bay Outfitters Ltd., a New Jersey corporation ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.  This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §1114(1) and §1125(a), for trademark/trade dress infringement, false designation of origin, false description or representation, and unfair competition.  Plaintiff also asserts claims in accordance with

common law rights, Fla. Stat. §495.161, for trade dress infringement and unfair competition.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. §§1391(b) and 1391(c) in that Defendant is deemed to reside in the Middle District of Florida and/or the wrongful acts committed by Defendant occurred in and originated from the Middle District of Florida, and a substantial part of the events or omissions giving rise to the claim occurred therein, or a substantial part of the property that is the subject of the action is situated therein.

4. Upon information and belief, jurisdiction is proper in that:

a. Defendant operates, conducts, engages in, or carries on a business or business venture in this State, and the Middle District of Florida, within the meaning of Fla. Stat. §48.193(1)(a);

b. Defendant has committed tortious acts within this State, and the Middle District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b);

c. Defendant has caused injury to the property of

2

Plaintiff within this State, and the Middle District of Florida, namely Plaintiff's ·trade dress and other intellectual property rights as set forth herein, arising out of acts or omissions by Defendant outside of this State, while, at or about the time of the injury the Defendant was either engaged in solicitation or service activities within this State, and the Middle District of Florida, or products or things serviced or manufactured by the Defendant were used or consumed within this State, and the Middle District of Florida, in the ordinary course of commerce, trade, or use, within the meaning of Fla. Stat. §48.193(1)(f); or

     d.  Defendant is engaged in substantial and not isolated activity within this State, and the Middle District of Florida, within the meaning of Fla. Stat. §48.193(2).

## THE PARTIES

5.  Plaintiff is a corporation organized and existing under the laws of the State of Florida, and having an address at 2361 Mason Avenue, Suite #100, Daytona Beach, Florida 32117.

6.  Upon information and belief, Defendant Bimini Bay Outfitters Ltd. ("BBO") is a corporation duly organized and existing under the laws of New Jersey, with an address of 43 McKee Drive, Mahwah, New Jersey 07430, and doing business within

3

the State of Florida and the Middle District of Florida, as alleged above.

## PLAINTIFF'S TRADE DRESS

7.  At least as early as September of 2000, and long prior to the acts of Defendant complained of herein, the Plaintiff, either directly or through licensees, adopted and used in commerce its unique and distinctive trade dress which consists of three small, oval shaped holes appearing vertically on the left and right outer edge of the eyeglass frame, said holes appearing approximately mid-frame and equally spaced one above the other, and generally following the contour of the frame as it curves downward around the lens (hereafter "Plaintiff's 3-Hole Trade Dress"). See Exhibit A. Plaintiff's use of the 3-Hole Trade Dress has been continuous since that time.

8.  Plaintiff is the owner of U.S. Registration No. 3,431,239 for its 3-Hole Trade Dress, issued by the U.S. Patent and Trademark Office in connection with eyewear, namely, sports eyewear and sunglasses. This registration, a copy of which is attached hereto as Exhibit A, constitutes prima facie evidence of Plaintiff's ownership of the aforementioned trade dress, as well as its exclusive right to use that trade dress throughout the entire United States. 15 U.S.C. §1057(b).

9.  At least as early as November of 2004, and long prior to the acts of Defendant complained of herein, the Plaintiff,

4

either directly or through licensees, adopted and used in commerce its unique and distinctive trade dress which consists of four drop-shaped figures (also called raindrop, teardrop, etc.) of consecutively increasing size arranged near the end of the sunglass temple bars (hereafter "Plaintiff's 4-Drop Trade Dress"). See Exhibit B. Plaintiff's use of the 4-Drop Trade Dress has been continuous since that time.

10. Plaintiff is the owner of U.S. Registration No. 3,245,770 for its 4-Drop Trade Dress, issued by the U.S. Patent and Trademark Office in connection with eyewear, namely, sports eyewear and sunglasses. This registration, a copy of which is attached hereto as Exhibit B, constitutes prima facie evidence of Plaintiff's ownership of the aforementioned trade dress, as well as its exclusive right to use that trade dress throughout the entire United States. 15 U.S.C. §1057(b).

11. Since long prior to the infringing acts of Defendant complained of herein, Plaintiff, either directly or through licensees, has achieved wide-spread and substantial sales, advertising, and promotion of its eyewear under Plaintiff's 3-Hole Trade Dress and Plaintiff's 4-Drop Trade Dress (collectively "Plaintiff's Trade Dress"), throughout the State of Florida and the United States, including the Middle District of Florida.

12. By virtue of Plaintiff's long and continuous use, and

5

since long prior to the infringing acts of Defendant complained of herein, Plaintiff's Trade Dress has developed a secondary meaning and significance, and has been readily recognizable by the public and the trade as identifying Plaintiff and its eyewear and distinguishing Plaintiff's eyewear from the goods of others.

## DEFENDANT'S INFRINGING ACTIVITY

13.  Upon information and belief, Defendant is engaged in the business of producing, marketing, and/or selling eyewear and related goods.

14.  Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the vast goodwill represented and symbolized by Plaintiff's Trade Dress, and that Plaintiff's Trade Dress is widely recognized and relied upon by the public and the trade to identify Plaintiff and distinguish Plaintiff's products from the products of others.

15.  Notwithstanding Defendant's knowledge of Plaintiff and Plaintiff's Trade Dress, and indeed by reason of such knowledge, Defendant has engaged in, and it is believed will continue to engage in a deliberate and willful scheme to trade upon and to misappropriate for itself the vast goodwill represented and symbolized by the Plaintiff's Trade Dress, without consent thereof. The acts of Defendant complained of herein constitute

willful and intentional infringement of Plaintiff's Trade Dress and are in total disregard of Plaintiff's rights.  Defendant's acts were commenced and it is believed will continue in spite of Defendant's knowledge that its use of Defendant's infringing trade dress described herein was and is in direct contravention of Plaintiff's rights.

16.   Upon  information  and  belief,  subsequent  to  the original  sales  of  products  by  or  on  behalf  of  Plaintiff embodying Plaintiff's Trade Dress, Defendant commenced and has continued making, importing, using, selling, and/or offering for sale, within the Middle District of Florida and elsewhere, competing, unauthorized sunglass products identified with the name "BIMINI BAY," including product numbers "MB-BB1AG," "MB-BB1A-MFB," "MB-BB1S," and "MB-BB3S-MFB", which incorporate a copy or  colorable  imitation  of  Plaintiff's  Trade  Dress  (the "Infringing Frames").  See Exhibits C and D.

17.   Defendant's  unauthorized  sales  of  the  Infringing Frames and related marketing activities commenced long after substantial  and  significant  sales  in  commerce  of  Plaintiff's products embodying Plaintiff's Trade Dress, and subsequent to the acquisition of rights and secondary meaning in Plaintiff's Trade Dress accruing to Plaintiff.

18.   Defendant was notified in writing by Plaintiff, at least as early as December 14, 2010, that Defendant was not

7

authorized to use Plaintiff's Trade Dress in the United States or elsewhere, in connection with eyewear. At that time, Plaintiff demanded that the Defendant cease and desist from further use of Plaintiff's Trade Dress. Defendant has refused to cease its unauthorized conduct. Therefore, Plaintiff had no choice but to file the present lawsuit. A copy of the aforementioned notice is attached hereto as <u>Exhibit E</u>.

19. Defendant's aforesaid use of Defendant's Infringing Frames is designed, calculated, and likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's products and to falsely cause the consuming public to believe that Defendant's products are Plaintiff's products, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

20. Defendant commenced its infringing activities without the consent of Plaintiff or the Plaintiff's licensees, and in deliberate, knowing, and wanton disregard of the rights of Plaintiff and/or its licensees, and has caused Plaintiff irreparable damage and will continue to cause substantial and irreparable damage to Plaintiff unless such acts are restrained by this Court.

21. Upon information and belief, the acts of Defendant complained of herein constitute willful and intentional

infringement of Plaintiff's Trade Dress. Defendant has engaged in intentional misconduct and/or gross negligence demonstrating reckless conduct such as to show conscious disregard or indifference to the Plaintiff's Trade Dress rights.

### COUNT I – INFRINGEMENT OF U.S. REGISTRATION NO. 3,431,239 UNDER THE LANHAM ACT, 15 U.S.C. §1114(1)

22. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 21 as if fully set forth herein.

23. With full knowledge and awareness of Plaintiff's ownership and prior use of Plaintiff's 3-Hole Trade Dress and U.S. Registration No. 3,431,239, Defendant has used, is using, and will continue to use Defendant's Infringing Frames in a manner that is likely to cause confusion, or to cause mistake, or to deceive.

24. Defendant's acts in using Plaintiff's registered trade dress, or a reproduction, counterfeit, copy, or colorable imitation thereof, constitute infringement pursuant to 15 U.S.C. §1114(1)(a).

25. Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

26. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and

9

unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

27. Plaintiff has no adequate remedy at law.

### COUNT II - FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a) INFRINGEMENT OF PLAINTIFF'S 3-HOLE TRADE DRESS

28. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 21 as if fully set forth herein.

29. Long subsequent to Plaintiff's establishment of its rights in the Plaintiff's 3-Hole Trade Dress, Defendant intentionally commenced to use in commerce, and upon information and belief, will continue to use in commerce the Infringing Frames, which constitute and/or incorporate a reproduction, copy, and colorable imitation of Plaintiff's 3-Hole Trade Dress, despite Plaintiff's and/or its authorized dealer/licensee(s)' prior use thereof and the public recognition thereof, constituting use in commerce of a word, term, name, symbol, or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendant's goods by Plaintiff.

10

30. Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

31. Defendant's aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and/or its authorized dealer(s)/licensee(s).

32. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

33. Plaintiff has no adequate remedy at law.

### COUNT III - UNFAIR COMPETITION/ COMMON LAW TRADE DRESS INFRINGEMENT OF PLAINTIFF'S 3-HOLE TRADE DRESS

34. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 21 as if fully set forth herein.

35. Defendant's aforesaid acts constitute infringement, misappropriation, and misuse of Plaintiff's 3-Hole Trade Dress, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the

State of Florida in accordance with Fla. Stat. §495.161.

36. Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

37. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

38. Plaintiff has no adequate remedy at law.

**COUNT IV – INFRINGEMENT OF U.S. REGISTRATION NO. 3,245,770 UNDER THE LANHAM ACT, 15 U.S.C. §1114(1)**

39. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 21 as if fully set forth herein.

40. With full knowledge and awareness of Plaintiff's ownership and prior use of Plaintiff's 4-Drop Trade Dress and U.S. Registration No. 3,245,770, Defendant has used, is using, and will continue to use Defendant's Infringing Frames in a manner that is likely to cause confusion, or to cause mistake, or to deceive.

41. Defendant's acts in using Plaintiff's registered trade dress, or a reproduction, counterfeit, copy, or colorable imitation thereof, constitute infringement pursuant to 15 U.S.C.

12

§1114(1)(a).

42.   Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

43.   Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

44.   Plaintiff has no adequate remedy at law.

### COUNT V – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a) INFRINGEMENT OF PLAINTIFF'S 4-DROP TRADE DRESS

45.   Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 21 as if fully set forth herein.

46.   Long subsequent to Plaintiff's establishment of its rights in the Plaintiff's 4-Drop Trade Dress, Defendant intentionally commenced to use in commerce, and upon information and belief, will continue to use in commerce the Infringing Frames, which constitute and/or incorporate a reproduction, copy, and colorable imitation of Plaintiff's 4-Drop Trade Dress, despite Plaintiff's and/or its authorized dealer/licensee(s)' prior use thereof and the public recognition thereof, constituting use in commerce of a word, term, name, symbol, or

13

device, or combination thereof, or a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendant's goods by Plaintiff.

47. Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Defendant's aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and/or its authorized dealer(s)/licensee(s).

49. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

50. Plaintiff has no adequate remedy at law.

### COUNT VI - UNFAIR COMPETITION/ COMMON LAW TRADE DRESS INFRINGEMENT OF PLAINTIFF'S 4-DROP TRADE DRESS

51. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 21 as if fully set

14

forth herein.

52.   Defendant's aforesaid acts constitute infringement, misappropriation, and misuse of Plaintiff's 4-Drop Trade Dress, unfair   competition,   palming-off   and   passing-off   against Plaintiff, and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida in accordance with Fla. Stat. §495.161.

53.   Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

54.   Defendant's   aforesaid   acts   have   caused   and   will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

55.   Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A.   That Plaintiff's Trade Dress has been infringed as a direct and proximate result of the acts of Defendant as set forth herein, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., and the common law and under the law of the State of Florida in accordance with Fla. Stat. §495.161.

B.   That Defendant, and all officers, directors, agents,

15

servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained from further infringing manufacture, use, sale, offer for sale and import of the Infringing Frames attached hereto, and all other designs likely to be confused with or infringe Plaintiff's Trade Dress described herein.

C. That Defendant be required to deliver up for destruction all frames and other written or printed material in the possession or control of Defendant which embody or bear the infringing designs, and all plates, molds, matrices, and other means from making the aforesaid items.

D. That Defendant be directed to file with this Court and to serve upon Plaintiff within ten (10) days after service of the injunction issued in this action, a written report, under oath, setting forth in detail the manner of compliance with the above.

E. That Plaintiff recover the Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trade dress infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be treble as authorized pursuant to 15 U.S.C. §1117(b).

F. That Plaintiff have and recover, pursuant to the laws

16

of the State of Florida, and common law, in addition to its actual damages, punitive damages in an amount which the Court deems just and proper.

G.   That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

H.   That Plaintiff have and recover its reasonable attorney fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

I.   That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

J.   That Plaintiff have and recover such further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Respectfully submitted,

Dated:  __June 9__ , 2011
Miami, Florida

By: _____
John Cyril Malloy, III
Florida Bar No. 964,220,
TRIAL COUNSEL
Meredith Frank Mendez
Florida Bar No. 502,235
Jason A. LaCosse
Florida Bar No. 013,662
Attorneys for Plaintiff,
Cross Optical Group, Inc.

MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008
jcmalloy@malloylaw.com